# TAB B
# PLAINTIFF'S ORIGINAL PETITION

Filed 4/26/2022 4:14 PM
Karen L. Wilson
District Clerk
Van Zandt County, Texas

Shawn Thornton

CAUSE NO. 22-00054

| | | |
|---|---|---|
| DAWN LORMAND, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | VAN ZANDT COUNTY, TEXAS |
| | § | |
| WILLS POINT ISD, | § | |
| | § | |
| Defendant. | § | _____ JUDICIAL DISTRICT |

**PLAINTIFF'S ORIGINAL PETITION**

**I.**

**INTRODUCTION**

Dawn Lormand ("Plaintiff") files this Original Petition against Wills Point ISD ("Defendant").

**II.**

**DISCOVERY CONTROL PLAN**

1. Plaintiff intends to conduct discovery under Level 3 of Texas Rule of Civil Procedure 190.4.

**III.**

**PARTIES**

2. Plaintiff is an individual and a citizen of Kaufman County, Texas. The last three numbers of her social security number are 089 and the last three numbers of her Texas driver's license are 845.

3. Defendant is a local school district with its principal place of business located at 338 W. North Commerce, Wills Point, Texas 75169. Defendant may be served with process, including citation and a copy of this lawsuit, by serving Defendant's Superintendent of Schools, Scott Caloss, Ed.D., at 338 W. North Commerce, Wills Point, Texas 75169.

---

Plaintiff's Original Petition                                                                                          Page 1

## IV.

## JURISDICTION

4.  The Court has jurisdiction over this action because the amount in controversy, exclusive of interest and costs, is within the jurisdictional limits of the Court.

5.  Plaintiff seeks monetary relief over $250,000 but not more than $1,000,000.

## V.

## VENUE

6.  Venue is proper in Van Zandt County because (a) Defendant's principal place of business is in Dallas County,[1] and (b) all or a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in Van Zandt County.[2]

## VI.

## BACKGROUND FACTS

7.  Plaintiff worked for Defendant as a bus monitor from on or about September 14, 2014 until she wrongfully discharged on or about February 25, 2020.

8.  Plaintiff was sexually harassed beginning late 2019, when the Defendant hired a new supervisor, Colt Chabert. Mr. Chabert would sit back in his chair any time Plaintiff walked into the same room as him, and put his hands on his genitals and start massaging them. Plaintiff would try to avoid him because she felt so uncomfortable. Plaintiff would walk around the building or do anything she could think of to avoid crossing his path.

9.  Plaintiff reported the sexual harassment to Assistant Superintendent Jeff Russell in February 2020, but no action was taken to stop or correct his behavior or to resolve the problem.

---

[1] TEX. CIV. PRAC. & REM. CODE § 15.002(a)(2).
[2] TEX. CIV. PRAC. & REM. CODE § 15.002(a)(1).

10. Plaintiff also reported to Diane Palmer, Transportation Coordinator, that she was uncomfortable by Mr. Chabert constantly touching his genitalia in her presence. Ms. Palmer had previously discussed the issue with Mr. Chabert when another employee had complained. Mr. Chabert acknowledged that his grandmother had mentioned to him that he adjusted his genitalia frequently. Ms. Palmer made light of the concerns raised and excused Mr. Chabert's conduct, claiming she did not believe he even realized he was doing it. Ms. Palmer compared Mr. Chabert's conduct to women adjusting their straps or clothing.

11. Plaintiff is not the only employee that has fallen victim of Mr. Chabert's sexual harassment. Of the several other employees who tried to report sexual harassment by Mr. Chabert, one was terminated, one quit, and one called him out in front of hundreds of people.

12. On or around February 25, 2020, Plaintiff was wrongfully terminated from her employment for alleged no call/no show, despite the fact that she was in constant communication with Ms. Palmer about not coming in because of the ongoing sexual harassment and their refusal to address it.

## VII.

### CONDITIONS PRECEDENT

13. Plaintiff filed the attached Charge of Discrimination with the Equal Employment Opportunity Commission, and this Charge was dual filed with the Texas Workforce Commission pursuant to those agencies' work sharing agreement.

14. The Charge was filed within 180 days after Plaintiff was terminated.

15. A Right to Sue has been issued on this Charge.

16. Plaintiff has timely exhausted all of her administrative remedies.

## VIII.

## CAUSES OF ACTION

A. **Cause of Action—Discrimination—Title VII**

17. Plaintiff incorporates each of the foregoing paragraphs.

18. Defendant discriminated against Plaintiff because of Plaintiff's sex-gender.

19. Defendant's actions violated 42 U.S.C. § 2000e-2(a).

B. **Cause of Action—Wrongful Termination—Discrimination—Title VII**

20. Plaintiff incorporates each of the foregoing paragraphs.

21. Defendant terminated Plaintiff's employment because of Plaintiff's sex-gender/national origin.

22. Defendant's actions violated 42 U.S.C. § 2000e-2(a).

## IX.

## DAMAGES

23. Plaintiff incorporates each of the foregoing paragraphs.

24. Defendant's actions violated 42 U.S.C. § 2000e-2(a) and 42 U.S.C. § 2000e-3(a), which entitles Plaintiff to recover from Defendant back pay, front pay, as well as pre-judgment and post-judgment interest.

25. Plaintiff is also entitled to recover from Defendant compensatory damages as provided for under 42 U.S.C. § 1981a(a)(1).

26. Because Defendant's actions were done with malice and/or reckless indifference to Plaintiff's federally-protected rights, Plaintiff is entitled to recover from Defendant punitive damages as provided for under 42 U.S.C. § 1981a(a)(1) and (b)(1).

27. Plaintiff seeks all damages available to her under federal law.

## X.

## ATTORNEYS' FEES AND COSTS

28. Plaintiff incorporates each of the foregoing paragraphs.

29. Plaintiff retained the services of undersigned counsel to prosecute her claims.

30. Pursuant to Texas Labor Code section 21.259, Plaintiff is entitled to recover a reasonable attorneys' fee from Defendant, including reasonable expert fees.

## XI.

## INJUNCTIVE AND DECLARATORY RELIEF

31. Plaintiff incorporates each of the foregoing paragraphs.

32. Plaintiff requests the Court enter an order providing injunctive and declaratory relief including, but not limited to:

   a. Prohibiting Defendant from engaging in unlawful discrimination;

   b. Reinstating Plaintiff's employment with Defendant with backpay;

   c. Reporting to the Court on the manner of compliance with the terms of a final order issued by this Court;

   d. Paying court costs;

   e. A declaration that Defendant violated Plaintiff's rights under state and federal law, engaged in unlawful employment discrimination, and considered an illegal factor in constructively discharging Plaintiff's employment; and

   f. Any additional equitable relief as the Court deems proper.

## XII.

## RESPONDEAT SUPERIOR

33. Plaintiff incorporates each of the foregoing paragraphs.

34. Defendant is liable for the acts and/or omissions of its respective agents, representatives, employees, servants, and officers.

XIII.

**PRESERVATION OF EVIDENCE**

35. Defendant is hereby given notice that any document or other material, including electronically stored information that may be evidence or relevant to any issue in this case is to be preserved in its present form until this litigation is concluded.

XIV.

**NOTICE PURSUANT TO RULE 193.7**

36. Plaintiff provides notice to Defendant pursuant to Rule 193.7 of the Texas Rules of Civil Procedure that Plaintiff may utilize as evidence during the trial of this lawsuit all documents exchanged by the parties in written discovery in this case.

XV.

**JURY DEMAND**

37. Plaintiff demands a trial by jury.

XVI.

**PRAYER**

38. Plaintiff respectfully requests that Defendant be cited to appear and answer, and that upon final trial of this matter, the Court enter judgment awarding Plaintiff:

    A. Back pay and front pay (including benefits);

    B. Compensatory damages;

    C. Punitive damages;

    D. Reasonable attorneys' fees and expert fees;

    E. Injunctive and declaratory relief, including but not limited to, an Order:

        a. Prohibiting Defendant from engaging in unlawful discrimination;

      b.    Reinstating Plaintiff's employment with Defendant with backpay;

      c.    Reporting to the Court on the manner of compliance with the terms of a final order issued by this Court;

      d.    Paying court costs;

      e.    A declaration that Defendant violated Plaintiff's rights under state and federal law, engaged in unlawful employment discrimination, and considered an illegal factor in constructively discharging Plaintiff's employment; and

      f.    Any additional equitable relief the Court deems proper;

F.    Court costs;

G.    Pre-judgment and post-judgment interest at the rate set by law; and

H.    All legal or equitable relief this Court deems proper.

Respectfully submitted,

*/s/ Jamie J. Gilmore*
Jamie J. Gilmore
State Bar No. 24045262
jgilmore@galyen.com
Brittney L. Thompson
State Bar No. 24104618
bthompson@galyen.com
**BAILEY & GALYEN**
2777 N. Stemmons Fwy, Suite 1150
Dallas, TX 75207
Telephone: 214-252-9099
Facsimile: 817-276-6010
**ATTORNEYS FOR PLAINTIFF**

EEOC Rec'd   11/24/2020

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| | [ ] FEPA<br>[X] EEOC | 450-2021-01098 |
| Texas Workforce Commission Civil Rights Division | | and EEOC |
| State or local Agency, if any | | |

| Name (indicate Mr., Ms., Mrs.)<br>**Ms. Dawn G. Lormand** | Home Phone (Incl. Area Code) | Date of Birth<br>**08/04/1978** |
|---|---|---|
| Street Address | City, State and ZIP Code | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name<br>**Wills Point ISD** | No. Employees, Members<br>**Unknown** | Phone No. (Include Area Code)<br>**903-873-5100** |
|---|---|---|
| Street Address<br>**902 Wingo Way, Wills Point, TX 75169** | City, State and ZIP Code | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| Street Address | City, State and ZIP Code | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

[ ] RACE  [ ] COLOR  [X] SEX  [ ] RELIGION  [ ] NATIONAL ORIGIN
[ ] RETALIATION  [ ] AGE  [ ] DISABILITY  [ ] GENETIC INFORMATION
[X] OTHER (Specify) **Sexual Harassment**

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: **11.2019**   Latest: **03.25.20**
[ ] CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

**Personal Harm:**
I was employed by Wills Point ISD as a bus monitor from September 14, 2014 until March 25, 2020. I was sexually harassed beginning November 2019, when the district hired a new supervisor. He would sit back in his chair, anytime I walked into the same room as him, and put his hands on his genitals and start massaging them. I would try to avoid him because I felt so uncomfortable. I would walk around the building or do anything I could think of to avoid crossing his path. I am not the only employee that has been the victim of his sexual harassment. Of the several other employees who tried to report sexual harassment on that supervisor, one was terminated, one quit, and one called him out in front of hundreds of people. I reported the sexual harassment to his supervisor in February 2020, but no action was taken to stop or correct his behavior and nothing has been done to resolve the problem.

I was forced to resign my employment because of the ongoing sexual harassment. When I resigned, I let my employer know that it was because of the ongoing sexual harassment and their refusal to address it.

**Respondent's Reason for Adverse Action:**
None.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| 11/23/2020         _[signature]_<br>Date          Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Brittney Thompson on behalf of Brittney Thompson
Bar No. 24104618
bthompson@galyen.com
Envelope ID: 63928423
Status as of 4/26/2022 4:42 PM CST

Associated Case Party: Dawn Lormand

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Jamie Gilmore | 24045262 | jgilmore@galyen.com | 4/26/2022 4:14:13 PM | SENT |
| Brittney Thompson | 24104618 | bthompson@galyen.com | 4/26/2022 4:14:13 PM | SENT |
| Eli Rodriguez | | elirodriguez@galyen.com | 4/26/2022 4:14:13 PM | SENT |